IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIM LITTLE | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| | : | CASE NO: |
| v. | : | |
| | : | |
| KEANE GROUP HOLDINGS, | : | |
| L.L.C. and TRICAN WELL | : | |
| SERVICE, L.P. | : | |
| Defendants | : | |

COMPLAINT

Mr. Tim Little ("Mr. Little") by his attorney, George R. Barron, Esquire,

for his Complaint alleges as follows:

JURISDICTION AND VENUE

1.      This action for declaratory, injunctive, monetary and other

appropriate relief is brought by named Plaintiff against the Defendant to

redress intentional violations by Defendant of rights secured by the laws of

the United States and the statutory and common law of the Commonwealth

of Pennsylvania.

2.      Defendants wrongfully discriminated against, wrongfully

terminated, and unlawfully deprived Mr. Little of his rights under The

Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA"), and the

Pennsylvania Human Relations Act, 43 P.S. §951-963 et seq. ("PHRA").

1

3.      This Court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§1331 and 1367. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) because most of the events and omissions complained of occurred in this judicial district.

4.      All statutory and jurisdictional prerequisites to suit have been met.

## PARTIES

5.      The Plaintiff herein is Tim Little ("Mr. Little"), an adult individual residing in Hughesville, Pennsylvania.

6.      Defendant Trican Well Service, L.P. is, upon information and belief, a Pennsylvania Limited Partnership.

7.      Defendant Keane Group Holdings, L.L.C. is, upon information and belief, a Delaware Limited Liability Company and is the the owner of and legal successor to Trican Well Service, L.P. with a place of business at 100 7th Street, Suite 1609, Pittsburgh, PA 15222

8.      Mr. Little was employed by Defendant Trican Well Service, L.P. prior to the purchase of Defendant Trican Well Service, L.P. by Defendant Keane Group Holdings, L.L.C.

9.      Mr. Little will refer to the Defendant Trican Well Service, L.P. and Defendant Keane Group Holdings, L.L.C. collectively, as "Defendants".

## STATEMENT OF FACTS

10. Mr. Little, the Plaintiff herein, was hired by Defendants on or about the August 25, 2015.

11. Mr. Little was last employed by Defendants on or about February 10, 2016 and held the position of truck driver.

12. Mr. Little and other truck drivers were regularly assigned to perform light mechanical and maintenance work in Defendants' shop when there was no driving work for truck drivers.

13. On or about December 10, 2015, Mr. Little suffered from a health episode at work during which he lost consciousness.

14. Mr. Little went to the hospital, where he was diagnosed withType 2 diabetes mellitus with hyperglycemia.

15. Mr. Little received treatment including medication for his diabetes.

16. Mr. Little informed Defendants of his diagnosis.

17. Defendants told Mr. Little that he would need a medical release from a physician in order to work as a truck driver.

18. Mr. Little's physician advised him to remain out of work until his blood sugar was stabilized.

19. Mr. Little's physician approved Mr. Little to return to work on or about February 8, 2016.

20.    On or about February 8, 2016, Mr. Little provided Defendant with his physician's approval that he was medically able to return to truck driving.

21.    Defendants refused to allow Mr. Little to return to work, and required Mr. Little to be cleared by a physician of their choice.

22.    On or about February 10, 2016, Mr. Little went to Defendants' physician but Defendants' physician refused to give approval for Mr. Little to return to driving unless Mr. Little first completed a 30 day monitoring via a heart loop recorder.

23.    Mr. Little requested that Defendants assign him to work in the shop during the heart loop monitoring period.

24.    The heart loop recorder process would have taken 30 days.

25.    Mr. Little was able to work in Defendants' shop doing light mechanical work and shop maintenance until the 30 day heart loop monitoring was complete.

26.    Mr. Little's request was a request for a reasonable accommodation.

27.    Defendants denied this request.

28.    Defendants told Mr. Little that if he could not drive, he no longer had a position with Defendants.

29.     Defendants could have accommodated Mr. Little's disability with little inconvenience or disruptions, but refused.

30.     Defendants terminated Mr. Little's employment on or about February 10, 2016.

COUNT ONE
UNLAWFUL TERMINATION IN VIOLATION OF
THE AMERICANS WITH DISABILITIES ACT

31.     At all times relevant hereto, Mr. Little was an individual with a disability under the ADA.

32.     At all times relevant hereto, Defendant perceived Mr. Little to be a person with a disability under the ADA.

33.     Mr. Little's disability impaired his ability to, *inter alia,* work.

34.     At all times relevant hereto, Defendants were aware of Mr. Little's disability and the accommodations he required.

35.     At all times relevant hereto, Mr. Little was able to perform the essential functions of his job with or without reasonable  accommodations.

36.     Defendants terminated Mr. Little's employment almost immediately after learning of his disability.

37.     Mr. Little's disability was a motivating factor in Defendants' decision to terminate his employment.

## COUNT TWO
### FAILURE TO ACCOMMODATE IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT

38.   All preceding paragraphs are incorporated herein by reference as if set forth in full.

39.   Mr. Little requested that Defendants provide reasonable accommodations to allow him to continue performing his job, including a temporary position change while the physician monitored him.

40.   The accommodation requested by Mr. Little was available and would have imposed no signifiant hardship upon Defendants.

41.   Defendants failed to provide reasonable accommodations to Mr. Little as required by the ADA.

42.   Defendants failed to engage in good faith in the interactive process required by the ADA.

## COUNT THREE
### UNLAWFUL RETALIATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT

43.   All preceding paragraphs are incorporated herein by reference as if set forth in full.

44.   As set forth herein, Mr. Little engaged in activity protected by the ADA, specifically by informing Defendants of his is disability, and by requesting accommodations for his disability.

45.    In retaliation for Mr. Little invoking his rights under the ADA,

Defendants terminated his employment.

### COUNT FOUR
### UNLAWFUL TERMINATION IN VIOLATION OF
### THE PENNSYLVANIA HUMAN RELATIONS ACT

46.    At all times relevant hereto, Mr. Little was an individual with a

disability under the PHRA.

47.    At all times relevant hereto, Defendant perceived Mr. Little to be

a person with a disability under the PHRA.

48.    Mr. Little's disability impaired his ability to, *inter alia,* work.

49.    At all times relevant hereto, Defendants were aware of Mr.

Little's disability and the accommodations he required.

50.    At all times relevant hereto, Mr. Little was able to perform the

essential functions of his job with or without reasonable accommodations.

51.    Defendants terminated Mr. Little's employment almost

immediately after learning of his disability.

52.    Mr. Little's disability was a motivating factor in Defendants'

decision to terminate his employment.

## COUNT FIVE
## FAILURE TO ACCOMMODATE IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

53.     All previous paragraphs are incorporated herein by reference as if set forth in full.

54.     At all times relevant hereto, Mr. Little was an individual with a disability.

55.     At all times relevant hereto, Mr. Little was known or perceived by Defendants to be an individual with a disability.

56.     Plaintiff's disability was a determinative factor in Defendants' decision to discipline and terminate Plaintiff's employment.

57.     Based upon the foregoing, Mr. Little alleges that Defendant did violate the PHRA.

## COUNT SIX
## UNLAWFUL RETALIATION IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

58.     All preceding paragraphs are incorporated herein by reference as if set forth in full.

59.     As set forth herein, Mr. Little engaged in activity protected by the PHRA specifically by informing Defendants of his disability, and by requesting accommodations for his disability.

60.    In retaliation for Mr. Little invoking his rights under the PHRA, Defendants terminated his employment.

PRAYER FOR RELIEF

Since Defendants unlawfully terminated Mr. Little's employment, Mr. Little has suffered lost wages, lost employment opportunities, loss of medical benefits and other fringe benefits. In addition, Mr. Little has suffered and will continue to suffer severe emotional and physical distress.

WHEREFORE, Mr. Little respectfully requests that this Court:

(a) Enter a declaratory judgment that Defendants' actions, policies, practices and procedures complained of herein have violated and continue to violate the rights of Mr.Little as secured by the statutes of the United States and the Constitution, statutes and common law of the Commonwealth of Pennsylvania;

(b) Require Defendants to reinstate Mr. Little to a position equivalent to that which he previously held and to restore Mr. Little's full income and benefits that he would have received had he not been the victim of Defendants' unlawful acts, or, in the alternative, award to Mr. Little front pay damages in an amount to be determined;

(c) For Counts One, Two and Three, award to Mr. Little an amount to be determined at trial, including back pay and front pay damages for lost

income and benefits at the same level as if he had been fully employed

since his termination by Defendants, punitive damages to dissuade

Defendants from engaging in such unlawful acts in the future, and

compensatory damages to compensate Mr. Little for past and future

pecuniary losses, emotional pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life, emotional distress, anguish and

humiliation, loss of his self-esteem and ability to provide himself with the

rewards of his chosen career, interest, costs, disbursements and

reasonable attorney fees;

(d) For Counts Four, Five and Six, award to Mr. Little an amount to be

determined at trial, including back pay and front pay damages for lost

income and benefits at the same level as if he had been fully employed

since his termination by Defendants, and compensatory damages to

compensate Mr. Little for future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, emotional

distress, anguish and humiliation, loss of his self-esteem and ability to

provide himself with the rewards of his chosen career, interest, costs,

disbursements and reasonable attorney fees;

(e) Grant to Mr. Little such additional relief as this Court deems

just and proper.

## DEMAND FOR JURY

Mr. Little demands a jury trial for all claims triable by a jury.

Date:  10/27/2017                                    /s/ George Barron
                                                     George Barron, Esquire
                                                     Attorney for Plaintiff
                                                     PA Attorney ID # 88747
                                                     88 North Franklin Street
                                                     Wilkes-Barre, PA 18701
                                                     (570) 824-3088 (telephone)
                                                     (570) 825-6675 (fax)